UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | NO. 3:10-cr-00250 |
| | ) | JUDGE TRAUGER |
| MATTHEW DEHART | ) | |
| | ) | |

SUPPLEMENTAL GOVERNMENT RESPONSE TO MOTION TO COMPEL

The United States of America, by and through S. Carran Daughtrey, Assistant United States Attorney for the Middle District of Tennessee, hereby submits the following supplement to the government's response to defendant's Motion to Compel Discovery.

As a preliminary matter, the undersigned wishes to inform both the Court and the defense that Detective Brett Kniss is out of town at this time and will not be available to testify on Friday April 20, 2012, something that the undersigned was not cognizant of when seeking a continuance. The government believes that testimony from this law enforcement agent will be essential to this Court in making a determination about the feasibility of redacting child pornography from the computer evidence, and thus the government requests the opportunity to present testimony by government forensic analysts prior to this Court's ruling on this matter. The government also may call another forensic analyst who can testify about the problems with redacting child pornography in the case referenced by the defense in the hearing on April 9, 2012. Unfortunately, an annual Internet Crimes Against Children conference was held this week in Atlanta, and many of the law enforcement agents who could testify about these matters are unavailable due to their attendance at the conference.

The government would note, however, that none of the matters in the motion to compel have previously or will prevent the defense from filing a suppression motion based on any perceived errors in the search and seizure of evidence in Indiana during the execution of the search warrant. Although defense counsel may have been under the impression last week that his client was not present during the execution of the search warrant in Indiana, the government believes that defendant was present at that time and he should be able to assist counsel in evaluating the situation.

Wherefore, the government would respectfully request that the hearing on the redaction matter be reset for or continued to another date and that the government be permitted to file more detail about the issues with the redaction.

1.  <u>Classified Reports of Interviews of Defendant in August 2010 in Unrelated National Security Investigation</u>

In light of the discussion about this matter on April 9, 2012, the undersigned attorney has sought to obtain copies of the reports of defendant's interview in August 2012 for an *ex parte, in camera* review by this Court. An FBI agent in Nashville is working to get the classified reports of defendant's interviews in August 2010. Once those reports have arrived in Nashville, the undersigned attorney will contact the Court to arrange to have the reports securely delivered for the Court to review. Should the Court determine that they contain any exculpatory information or anything relevant to the child exploitation crime, the reports will need to be declassified prior to being delivered to defense counsel. Apparently, any passwords or encryption keys contained within those reports can be provided to the defense without the delay of declassification.

Aside from the passwords/encryption keys, if they even exist in the reports, the government maintains that the reports are neither relevant nor exculpatory, based on the verbal information provided by the government prosecutor with the Department of Justice who handled the national

2

security investigation and has reviewed the reports for the purpose of determining the relevance to the local investigation and whether any exculpatory evidence exists. Since the local prosecution team has not utilized any information from defendant's arrest in August or any physical evidence seized on or after August 6, 2010, the defense can proceed with any perceived motion to suppress based on the execution of the search warrant in Indiana in January of 2009.

More information about the timing of this process will be available early in the week of April 23, 2012.

2. <u>Physical Evidence Seized from Defendant on August 6, 2010 and Provided by the Canadian Government for Purpose of Investigating the National Security Matter</u>

In speaking with the DOJ attorney responsible for the national security investigation earlier this week, the undersigned attorney has learned that the evidence seized from the defendant and provided from the Canadian government can be released by the FBI in the District of Columbia and provided to the FBI in Nashville. That transfer is currently in the works, although the local FBI agent also is at the ICAC conference mentioned above and is not available to testify about the procedure of getting that accomplished. Once that evidence has arrived, however, it will need to be reviewed prior to release to the defense, in order to verify that it does not have any contraband.

More information about the timing of this process will be available early in the week of April 23, 2012.

3. <u>Forensic Reports</u>

Subsequent to the hearing on April 9, 2012, the parties conferred, and Det. Brett Kniss assured the defense that the government had provided copies of all written reports in the case. The detective explained that he more recently received an additional hard drive that contained child

3

Case 3:10-cr-00250   Document 80   Filed 04/20/12   Page 3 of 5 PageID #: 257

pornography but for which he has not written a report. Once that information is complete, it will be provided to the defense.

4.     Electronic Evidence Containing No Contraband

The parties are in the process of getting copies of electronic evidence that does not contain contraband to the defense. Det. Kniss is working with the defendant's computer examiner to get those copies to him.

5.     Redaction of Child Pornogarphy

The defendant's request for redacted copies of the equipment that contains child pornography is the remaining discovery issue before this Court. As mentioned before, the government is unable to present testimony on this issue during the hearing on April 20, due to the unavailability of three different individuals (former and current government forensic analysts) who could provide the government's perspective on this matter, which is contrary to that of the defense.

The government's concerns arises first from the general concerns detailed in its last filing (Docket Entry 73): additional time consuming tasks for the government, risk of human error and the dissemination of child pornography, and evidentiary issues at trials. Additionally, it is the government's understanding that the "redaction" was not a clean process when it was done earlier in the case referenced by the defense, which involved a very small number of images, was a burden for the government, and still has the possibility that child pornography has been disseminated.

Given the restricted time the government has had with its forensic examiners unavailable and personal matters that have taken a significant amount of time, the government requests that it be permitted to file a brief detailing the many issues involved in the release of computer equipment that contains child pornography and be permitted to introduce the testimony of one or more government

4

forensic examiners with regard to the feasibility of redaction as well as the specifics of the prior attempt to do this.

Respectfully submitted,

JERRY E. MARTIN
United States Attorney for the
Middle District of Tennessee

s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: 615/736-5151

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically or by mail to Mark Scruggs, counsel for defendant, on this, the 20th day of April, 2012.

s/ S. Carran Daughtrey
S. Carran Daughtrey

5

Case 3:10-cr-00250   Document 80   Filed 04/20/12   Page 5 of 5 PageID #: 259