IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | } |
| | } |
| V. | } Criminal Docket No. 3:10-cr-00250-1 |
| | } JUDGE TRAUGER |
| MATTHEW PAUL DEHART | } |

### DEFENDANT'S THIRD MOTION TO REVOKE
### OR AMEND DETENTION ORDER

Pursuant to 18 U.S.C. §3145(b), the Defendant, Matthew Paul Dehart, by and through his attorney, moves the Court to once again reconsider its prior order of detention by revoking or amending said order (See Document Nos. 30, 34 & 37) by stating the following:

Since the last time in which the Court revisited this issue in December, 2010, over fifteen months have passed, and only recently, with considerable "prodding", has the Government begun to cooperate in producing the materials necessary for this Defendant to build his defense and for the Court to arrive at the truth. (The use of the term "Government" is generic in the sense that other agencies outside the Middle District of Tennessee have had possession of items with exculpatory information critical to the Defense).

The Defense has revealed a major portion of its strategy in its attempt to persuade the Court and the Government of its entitlement to the basic items set out in Fed.R.Crim.P. 16. The parties' experts have consulted and more is known now than ever regarding the relative strengths and weaknesses of their respective cases. Unfortunately, it is clear that a massive amount of computer forensic analysis remains on the horizon before the case is ready for trial. In the meantime, the Defendant remains in jail, now going on 21 months.

In previous detention hearings, it has been held that the Defendant is not a danger to himself or the community. The reason for his detention has been the concern that he is somehow a "flight" risk. Defendant requests another hearing in order to explore this finding in more depth as well as to reassure the Court that there are indeed multiple avenues available to secure his presence for trial. Defendant's parents remain more than willing to assume full responsibility for his home confinement with whatever electronic monitoring is necessary in order to effectuate the Court's order regarding detention. Defendant's parents have literally invested tens of thousands of dollars into their son's defense and will pledge their real property as collateral for his release. Defendant's health has deteriorated while incarcerated and it is imperative that he be more readily available to his defense team as the analysis of the computer hardware proceeds.

The Court (and the AUSA) have been led to believe by other agencies that the prosecution of Defendant would just go away in this District and be "picked up" elsewhere. These (mis)representations have only resulted in the delay of the trial of this matter and in the further incarceration of the Defendant.

Thus, Defendant respectfully requests the Court to revisit this issue in light of what has transpired since its last detention order of December 6, 2010 (Document No. 37). The Court has now been made aware of what this case is really about as well as the reasons for the delays. Therefore, as a matter of fundamental fairness, Defendant requests a hearing on this issue at the Court's earliest convenience.

Respectfully submitted,

/s/ Mark C. Scruggs
Mark C. Scruggs # 10103
Attorney for Defendant
95 White Bridge Road
Cavalier Building, Suite 508
Nashville, TN 37205
615-352-8326

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been e-mailed to Ms. Carrie Daughtrey, Assistant U.S. Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203, on this the 1st day of May, 2012.

/s/ Mark C. Scruggs
Mark C. Scruggs