IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | }<br>} |
| V. | } Criminal Docket No. 3:10-cr-00250-1<br>} JUDGE TRAUGER |
| MATTHEW PAUL DEHART | } |

## MEMORANDUM IN SUPPORT OF
## MOTION TO SUPPRESS EVIDENCE

The Defendant, Matthew Paul Dehart, by and through his attorney, respectfully submits the following memorandum in support of his motion to suppress evidence.

Statement of Facts

Attached as Exhibit 1 to the Motion to Suppress Evidence is the search warrant, affidavit in support thereof and the return/inventory of items seized as a result of the execution of said warrant at the Defendant's residence at 10270 Bourbon Street, Newburgh County, Indiana on or about January 25, 2010. The affidavit in support of the search warrant is authored by Detective Kurt Pritchett of the Evansville, Indiana Police Department. The Affiant seeks authorization to search:

> "computer, computer equipment, computer hardware, compact discs, DVDs any audio and video, tapes, photographs, recording equipment, cameras, video cameras, wireless cameras, other electronics with recording capabilities, wireless phone, firearms and ammunition as well as contents and files stored on any of the above media. [Pritchett Affidavit, paragraph ( C )].

The remainder of that paragraph is language defining these terms with the exception of "computer-related documentation" which is not included in the items requested.

1

Likewise, there is no request for authorization to obtain "computer passwords or other data security devices." [Pritchett Affidavit, paragraph ( C )]. The Affiant goes on to state that he believes that evidence of the crimes listed in paragraph (A) of the affidavit may be present on these items. (Possession of Child Pornography and Child Solicitation occurring between June 2008 and January, 2009).

This affidavit incorporates by reference a supplemental report written by the Affiant (Detective Kurt Pritchett) and a reports by Detectives Eric Anderson and Brett Kniss of the Franklin, Tennessee Police Department.

The "Probable Cause" statement of Detective Kniss contains the intentional misrepresentation that Matthew Dehart "represented (himself) as being teenage females" in order to entice the minors listed therein to send to Dehart sexually explicit photgraphs and/or videos. (See Kniss statement of probable cause). Defendant submits that this is a reckless and/or intentional misrepresentation of a fact that is critical to the issuance of the search warrant herein. Detective Kniss is leading the issuing Magistrate to believe that Matthew Dehart represented himself as the female when all of the evidence contained in the chat logs clearly points to the fact that it is a female communicating with the minor. There is even a video of a female masturbating which is found on the minor's computer. Further, Detective Kniss acknowledges in the last paragraph of his "probable cause" statement that the IP addresses for the females "had not been retained due to the time lapse between the incident and the report to law enforcement". Detective Kniss edited the chat logs contained in his "probable cause" statement by inserting his conclusion that a particular person is speaking (i.e. "DeHart" or "alleged female from Indiana") without setting out the actual screen name of the person speaking or how he arrived at the conclusion he was making.

2

The investigative summary by Detective Anderson also attempts to tie in Matthew Dehart with the females to whom the minors are e-mailing and/or texting sexually explicit photographs and/or videos. This is the only possible statement of fact contained in Det. Anderson's synopsis which could be construed to establish a nexus between Dehart's Indiana residence and the alleged possession of child pornography. Further, the synopsis fails to include the fact that a pornographic picture of a female was found on one of the minor's cell phone which was apparently lost by the Government. (See Document No. 70, Exhibit 2).

ARGUMENT

In the recent case of *U.S. v. Richards*, 659 F.3d 527 (6th Cir. 2011), the Appellate Court reviewed, among other issues, the law related to the analysis of a search warrant for overbreadth/lack of particularity requirements. In *Richards*, the Government investigators obtained a search warrant for a particular server at a business that housed approximately 2000 other servers. (*Id.* at p. 534). Even though the investigators had probable cause to search this particular server for evidence of child pornography related to a particular web site (*JustinFriends*), this did not prevent the search of the remaining server for other evidence as well. (*Id.* at p. 540-541). However, unlike the case *sub judice*, the items which were to be searched for were much more specific and comprehensive. (*Id.* at p.535). Further, the issue of whether the search warrant would have authorized the investigators to "break into" areas of the computers that were password protected or encrypted was not addressed.

Here, the initial question this Court must address is whether the affidavit of Det. Pritchett combined with the reports of Detectives Pritchett, Anderson and Kniss establish probable cause to believe that there is evidence of child pornography or child solicitation present at Dehart's residence in Indiana. This question can only be answered by examination of

3

Detective Kniss' statement of probable cause. These "facts" are as follows:

1. Minor #1 and Minor #2 know Dehart.

2. Minor #1's parents found sexually explicit photographs on their son's cell phone.

3. The minors claim that Dehart asked them to send a picture of each person's penis to him and to an e-mail account belonging to some teenage girls in Indiana.

4. The minors claim that Dehart had sent several pornographic images to them.

5. The minors have met with Dehart personally but there is no mention of any inappropriate sexual contact.

6. Detective Kniss has examined the minor victims' computers and found:

   A. a video clip of Minor #1 masturbating;

   B. E-mail addresses used for communication with Dehart, some of which nude photographs of the minors were sent;

   C. Chat logs.

The interpretation of the chat logs which includes editing by Detective Kniss without explanation or qualification constitutes an intentional misrepresentation of facts material to the issuance of the warrant in violation of *Franks v. Delaware*, 438 U.S. 154, 57 L.Ed.2d 667, 98 S.Ct. 2674 (1978). The repeated reference to an "alleged" or "purported" teenage female from Indiana without any explanation for that conclusion combined with the statement in the last paragraph of his "probable cause" statement that the IP addresses of the alleged females have not been retained reinforces the obvious conclusion that someone other than Dehart was communicating with the minors regarding the transmission of their photos/videos.

4

Thus, the initial question of whether there are sufficient facts to establish probable cause for the issuance of the search warrant must be answered in the negative.

Further, when Detective Kniss' unsupported conclusion that Dehart is posing as the female is combined with the reports of Detectives Pritchett and Anderson, it only exacerbates the fraud and misrepresentation perpetrated on the issuing magistrate.

Finally, it should be noted that in accordance with the principles set out in *U.S. v. Richards*, 659 F.3d 527 (6th Cir. 2011), the items requested in the search warrant is clearly overbroad and not set out with specificity as it was in *Richards*. Further, the proof at the hearing of this case will show that the computer hard drives/media with evidentiary value was encrypted or password protected and the intrusion into these items was never authorized by this warrant or any other warrant. Defendant requests the opportunity to develop this issue further upon compliance by the Government of his discovery requests which have been pending for almost one year.

## CONCLUSION

Therefore, for all of the reasons cited above, Defendant requests the Court to exclude from the evidence presented at the trial of this matter all items listed in the attached inventory and any other evidence discovered as a result of the seizure of these items.

Respectfully submitted,

/s/ Mark C. Scruggs
Mark C. Scruggs # 10103
Attorney for Defendant
95 White Bridge Road
Cavalier Building, Suite 508
Nashville, TN 37205
615-352-8326

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been e-mailed to Ms. Carrie Daughtrey, Assistant U.S. Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203, on this the 21st day of May, 2012.

/s/ Mark C. Scruggs
Mark C. Scruggs

6

Case 3:10-cr-00250   Document 89   Filed 05/21/12   Page 6 of 6 PageID #: 295