UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

_____

UNITED STATES OF AMERICA          )
                                  )
vs.                               )   CASE NO. 3:10-00250
                                  )
MATTHEW PAUL DEHART               )

_____


                    TRANSCRIPT OF PROCEEDINGS


_____

BEFORE:                    THE HONORABLE ALETA A. TRAUGER

DATE:                      APRIL 4, 2013

TIME:                      10:00 A.M.

_____

APPEARANCES:

FOR THE GOVERNMENT:        CARRIE DAUGHTREY
                           LYNNE INGRAM
                           U.S. Attorney's Office
                           Nashville, Tennessee

FOR THE DEFENDANT:         MICHAEL TERRY
                           STEPHANIE GORE
                           Nashville, Tennessee

_____


REPORTED BY:               BEVERLY E. "BECKY" COLE, RPR
                           OFFICIAL COURT REPORTER
                           A-837 U.S. COURTHOUSE
                           NASHVILLE, TN  37203
                           (615) 830-3386
                           BECKY_COLE@TNMD.USCOURTS.GOV

1           THE COURT:  Good morning.  We're here on a status

2    hearing and a detention hearing on U.S. vs. Matthew DeHart.

3        We have Carrie Daughtrey for the government and

4    Michael Terry for the defendant.

5        Mr. Terry, on this one, you are main counsel and

6    Ms. Gore is pro bono?

7           MR. TERRY:  Right.

8           THE COURT:  All right.  You all have come up with

9    some agreement, so let he hear what the story is here today.

10          MR. TERRY:  Your Honor, I have an announcement to

11   make.  It's 9:00.  I received a telephone call voicemail

12   initially informing me that my client and both of his

13   parents were in Canada, and they were seeking political

14   asylum.

15          THE COURT:  Oh, my word.

16          MR. TERRY:  Yeah, that's kind of what I said.

17          THE COURT:  Ms. Daughtrey's jaw just dropped, so

18   I guess you just learned it as well.  Oh, my word.

19          MR. TERRY:  So that's the status of our status

20   conference.

21          THE COURT:  Okay.

22          MR. TERRY:  What I would like to do is I would

23   like to file a declaration, my declaration, under seal and

24   give the court some information, and if you believe I should

25   share the information, I will share it.

1       And if Matthew DeHart is returned to this jurisdiction

2    for prosecution, we would like to continue our

3    representation of him.

4          THE COURT:  Okay.  Just so that I get a little

5    more background, could you tell me what your agreements were

6    before this most regrettable development?

7          MR. TERRY:  We agreed on the revocation -- we're

8    here on a revocation hearing.

9          THE COURT:  Yes.

10          MR. TERRY:  We agreed that the revocation

11    petition would not be dismissed but that it would not be

12    adjudicated and it would pend indefinitely.

13          MS. DAUGHTREY:  The reason for that too, Your

14    Honor, is because we're still continuing to try to get the

15    -- resolve the situation.

16       And had we resolved it, the government would have

17    asked the court to dismiss the revocation petition.  So, I

18    mean, we were working in a, I thought, positive direction.

19          MR. TERRY:  Me too.  The -- and believe me, the

20    DeHarts were fully informed.  And I'll address some of the

21    family issues in this declaration to help you understand.  I

22    just don't know.  I want to look at my only obligations in

23    this regard.

24          MS. DAUGHTREY:  Your Honor.  I'm sorry, I thought

25    were you done, Mr. Terry, please.

```
 1              MR. TERRY:  Go ahead.
 2              MS. DAUGHTREY:  Your Honor, under these
 3    circumstances I would ask that be a bench warrant issued for
 4    Mr. DeHart since he's not here today.
 5              THE COURT:  He wasn't excused.  It was a
 6    detention review.  Even if you had an agreement, I might not
 7    have gone along with your agreement, so I think he did have
 8    an obligation to be here today, unless you all had agreed he
 9    didn't have to come.
10              MR. TERRY:  We expected to meet him in the
11    cafeteria at 9:30.  There was no doubt.  We met with him
12    this week.  He's fully informed of our agreements and that
13    we intend -- we thought we would have a brief status
14    conference, implement these agreements --
15              THE COURT:  Yeah.
16              MR. TERRY:  -- and move on with the defense.
17              THE COURT:  Okay.
18              MR. TERRY:  The second agreement was that we had
19    agreed to -- jointly agreed to continue the trial, that the
20    trial in May was too soon for a number of reasons, and we
21    had discussed continuing the trial date until sometime this
22    fall, and we were going to present you with a waiver today.
23              THE COURT:  All right.
24              MR. TERRY:  Those were essentially the two
25    agreements.
```

1          THE COURT:  Okay.  I guess I'll just leave the

2    trial on the docket at this point or --

3          MR. TERRY:  Well, I guess -- I don't --

4          THE COURT:  I don't want to put you all in a

5    difficult position.

6          MR. TERRY:  If he were to present, then he still

7    has a right to a speedy trial, so I would assume that if he

8    returns in any form that we'll address that then.

9          THE COURT:  Yeah.  I think I'll just leave it on

10   the docket then.

11         MR. TERRY:  Okay.  And with your permission, I'll

12   file a declaration today.

13         THE COURT:  Yes.

14         MR. TERRY:  And you can tell us what you think we

15   should do from there.

16         THE COURT:  Okay.  And your pending request filed

17   under seal, did you discuss that with the government at all?

18         MR. TERRY:  No.

19         THE COURT:  Okay.  And I'll just leave that

20   sitting.

21         MR. TERRY:  That just needs to pend right now.

22         THE COURT:  Wow.

23         MR. TERRY:  Always surprises in this business.

24         THE COURT:  Yes.

25         MS. DAUGHTREY:  Your Honor, I'm a little

1    flabbergasted obviously by this.  I'm not entirely sure that

2    his speedy trial right doesn't stop at this point.

3            THE COURT:  I think it probably does.

4            MS. DAUGHTREY:  Okay.

5            THE COURT:  But then if he gets arrested, then

6    the clock starts ticking again.

7            MS. DAUGHTREY:  Right, okay.

8            THE COURT:  And who knows what that date will be.

9            MS. DAUGHTREY:  Yeah, and I understand that you

10   are going to leave the trial on the calendar, but I'm also

11   presuming that you are not necessarily expecting that we're

12   going to be prepared for trial that day.

13           MR. TERRY:  I won't, if he comes back tomorrow.

14           MS. DAUGHTREY:  Thank you, Mr. Terry.

15           THE COURT:  Okay.  I will note that it will not

16   go forward.  Nobody will be preparing for that trial in May.

17           MS. DAUGHTREY:  Thank you.

18           THE COURT:  But I'm going to leave it on the

19   calendar nevertheless.

20       If I issue a bench warrant, I think you'll have to

21   initiate extradition procedures.

22           MS. DAUGHTREY:  Yes, Your Honor.

23           THE COURT:  I presume we have an extradition

24   treaty with Canada.

25           MS. DAUGHTREY:  We do.  Yes, Your Honor.

1          THE COURT:  But we will go ahead and issue a

2    bench warrant, and we'll just wait for the next exciting

3    development.  Wow.  Okay.  Thank you, folks.

4          MR. TERRY:  Thank you.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                       REPORTER'S CERTIFICATE

2

3           I, BEVERLY E. "BECKY" COLE, Official Court

4    Reporter for the United States District Court for the Middle

5    District of Tennessee, with offices at Nashville, do hereby

6    certify:

7              That I reported on the stenotype shorthand machine

8    the proceedings held in open court on April 4, 2013, in the

9    matter of UNITED STATES OF AMERICA vs. MATTHEW DEHART, Case

10   No. 3:10-00250;

11             That a transcript of proceedings in connection

12   with the hearing was reduced to typewritten form by me;

13             That the foregoing transcript is a true and

14   accurate record of the proceedings to the best of my skills

15   and abilities;

16             This the 17th day of May, 2015.

17

18

19

20                            /s/
                         BEVERLY E. COLE, RPR
21

22

23

24

25