UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 3:10-cr-00250 |
| v. ) | |
| ) | JUDGE TRAUGER |
| MATTHEW PAUL DEHART ) | |

**UNITED STATES'S BILL OF PARTICULARS**

Comes now the United States of America, by its attorneys David Rivera, United States Attorney for the Middle District of Tennessee, Lynne T. Ingram and Jimmie Lynn Ramsaur, Assistant United States Attorneys; and provides the following Bill of Particulars. (R. 246: First Motion for Bill of Particulars). The government respectfully reserves the right to supplement or amend this response at a later time, if necessary.

I. Count One: Production of Child Pornography as to Victim A

1. The defendant committed the charged offenses on several dates where child pornography videos and images were sent to defendant by Victim A: January 19, 2008; March 13, 2008; May 10, 2008; May 15, 2008; May 19, 2008; May 23, 2008; June 24, 2008; July 6, 2008; July 13, 2008; July 24, 2008; July 30, 2008; August 21, 2008; August 23, 2008; September 4, 2008; September 19, 2008; September 26, 2008; October 27, 2008; December 19, 2008; January 7, 2008; May 20, 2009; and July 2, 2009.

2. The defendant committed the charged offenses in Indiana and Franklin, Tennessee.

3. The defendant persuaded, induced, enticed, and coerced Victim A into engaging in sexually explicit conduct for the purpose of producing any visual depiction of

1

such conduct by chatting with Victim A on numerous occasions and portraying himself as two minor females from Indiana and other individuals, including a mob boss's son through V-text, yahoo mail to chat via V-text to a Verizon Wireless cell phone; gaming; and AIM.

    4.    The description of the child pornography produced were numerous images and videos of Victim A masturbating and images of Victim A's penis.

    5.    The child pornography was sent via the internet and multimedia messaging (MMS).

    6.    The means of interstate commerce were computers, cell phones, and the internet.

    7.    Not applicable.

II.    <u>Count Three: Production of Child Pornography as to Victim B</u>

    1.    The defendant committed the charged offenses on several dates where child pornography images were sent to defendant by Victim B: December 11, 2007; December 25, 2007; March 19, 2008; May 3, 2008; December 19, 2008; January 22, 2009; and April 1, 2009.

    2.    The defendant committed the charged offenses in Indiana and Franklin, Tennessee.

    3.    Victim B was located in Franklin at the time of the offense.

    4.    The defendant persuaded, induced, enticed, and coerced Victim B into engaging in sexually explicit conduct for the purpose of producing any visual depiction of such conduct by chatting with Victim B through gaming and text messaging.

    5.    Victim B sent defendant sexually explicit images of Victim B's penis.

    6.    Victim B produced images of himself masturbating and images of his penis.

7. The images were produced by a cell phone camera.

8. Victim B produced the child pornography images.

9. The images were transmitted by a cell phone.

10. The means or facility of interstate commerce was a cell phone.

11. The defendant committed the charged offense.

12. Not applicable.

Respectfully submitted,

DAVID RIVERA
UNITED STATES ATTORNEY

s/ *Lynne T. Ingram*
LYNNE T. INGRAM
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203
(615) 736-5151

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Response in Opposition was served via the Court's electronic filing system on Tor Ekeland and Frederick Jennings, Attorneys for Defendant on this 21st day of August, 2015.

s/ *Lynne T. Ingram*
LYNNE T. INGRAM
Assistant United States Attorney

3