UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-00250 |
| | ) | Judge Trauger |
| MATTHEW PAUL DEHART | ) | |

### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTIONS TO SUPPRESS AND TO DISMISS THE INDICTMENT

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully supplements the response to defendant's motions to suppress and to dismiss the indictment previously filed at D.E. No. 271. The government submits, in addition to the arguments set forth in the previous response, that the defendant's challenge to the chain of custody of the forensic evidence in this case and his request to suppress this evidence are premature and should not be the subject of a pre-trial evidentiary discovery hearing. Further, the government maintains that is should not be required to bring witnesses in from other states to testify pre-trial about the chain of custody. This is an issue that should be resolved at trial and not in a motion to suppress.

Case law from the Sixth Circuit clearly and repeatedly confirms that "chain of custody issues are jury questions" that go "to the weight of the evidence, not its admissibility." *United States v. Allen*, 619 F.3d 518, 525 (6th Cir. 2010); *United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997); *United States v. Drake*, 280 F. App's 450, 454-55 (6th Cir. 2008); and *United States v. Briggs*, 431 F. App's 389, 393 (6th Cir. 2011). There is no violation of a constitutional right even where there may be a defect in the chain of custody, and therefore chain of custody issues

are not subject to suppression. *See Baker v. Kassulke*, 959 F.2d 233, 1992 WL 64736 (6th Cir. 1992). A problem with the chain of custody would not affect the admissibility of the evidence. *Briggs*, at 393.

Defendant cites no authority holding that chain of custody issues should be addressed in a motion to suppress. While the government must authenticate an item in order to admit it into evidence, this is accomplished at trial or in a motion *in limine*. *See United States v. McFadden*, 458 F. 2d 440 (6th Cir. 1972) and *United States v. Robinson*, 367 F. Supp. 1108 (E.D. Tenn. 1973). A pre-trial evidentiary hearing on the issues related to chain of custody of the forensic evidence in this case would simply devolve into a discovery fishing expedition that is not warranted or supported by the law. The defense will have an adequate opportunity at trial to question the chain of custody and the veracity of the evidence through cross examination of witnesses and presentation of it's own experts. In fact, such proof could be relevant to the jury's determination of whether to consider the forensic evidence and how much weight to give that evidence. This issue is not one that should be addressed through a pre-trial evidentiary hearing.

In the present case, should the government be required to go forward to present the chain of custody of the forensic evidence in this case, it will be necessary to bring non-federal witnesses from other states to testify only about the chain of custody and to authenticate the forensic evidence in this case. Not only will these witnesses be required to travel and testify next week, but they will be necessary witnesses at the trial that is scheduled to proceed in approximately one month. This will result in unnecessary expense and burden to the witnesses and to the government and will allow the defendant to conduct what will likely be a fishing expedition for information that is already included in material that has been provided to the defense.

Conclusion

Based on the foregoing, the government submits that the Court should deny the portion of defendant's motion to suppress based on the chain of custody issue without a pre-trial evidentiary hearing. The government respectfully requests that this Court grant the government's request as soon as possible to allow the government to avoid the unnecessary burden and expense of bringing additional witnesses to this district for the hearing scheduled for Monday. This request recognizes that an evidentiary hearing may still be necessary with respect to the issues raised regarding the allegations of vindictive prosecution and the suppression of evidence based on defendant's claims of statements and passwords being obtained from the defendant, despite the fact that the government has stated that no statements or passwords were obtained from the defendant.

Respectfully submitted,

DAVID RIVERA
United States Attorney for the
Middle District of Tennessee

*/s/ Jimmie Lynn Ramsaur*
JIMMIE LYNN RAMSAUR
Assistant U. S. Attorney

*/s/ Lynne T. Ingram*
LYNNE T. INGRAM
Assistant U. S. Attorney
110 9th Avenue South, Suite A-96l
Nashville, Tennessee 37203
(615)736-5151

Certificate of Service

I certify that the foregoing was served through the Court's Electronic Filing System on Tor Ekeland and Frederic Jennings, Attorneys for defendant on November 5, 2015.

*/s/ Jimmie Lynn Ramsaur*
JIMMIE LYNN RAMSAUR
Assistant United States Attorney